UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RONALD C. JACKSON, | ) | |
|         Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-0430-LJM-WGH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Ronald Jackson ("Mr. Jackson") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

*Background*

On July 28, 2009, Mr. Jackson was charged in an Indictment with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) in 2:09-cr-011-LJM-CMM-1.

On January 14, 2010, Mr. Jackson filed a petition to enter a plea of guilty and a plea agreement pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure.* On August 5, 2010, the Court conducted a hearing on Mr. Jackson's petition to enter a plea of guilty. At the hearing, the Court advised Mr. Jackson of his rights and heard the factual basis for the plea. The Court determined that the plea was voluntarily and knowingly made. The Court accepted Mr. Jackson's plea of guilty and adjudged him guilty as charged.

A sentencing hearing was held on the same day. The Court sentenced Mr. Jackson to a term of 180 months in prison, to be followed by five years of supervised release. Judgment was entered on the docket on August 31, 2010.

Complying with the terms of the plea agreement, Mr. Jackson did not appeal his conviction or sentence. On December 16, 2013, Mr. Jackson filed his motion for relief pursuant to 28 U.S.C. § 2255. He placed that motion in the prison mailing system on December 9, 2013.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Jackson asserts that his sentence is illegal because one of his three prior convictions should not have qualified him as an Armed Career Criminal. He argues that counsel was ineffective by not challenging the prior convictions. The United States argues that Mr. Jackson's § 2255 motion is time-barred and also barred by the waiver of post-conviction relief rights found in the written plea agreement.

*Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). As noted, the judgment of conviction was entered on the clerk's docket on August 31, 2010. Mr. Jackson's conviction became final on September 15, 2010. Using the one-year period from the date on which the judgment of conviction became final, Mr. Jackson's present motion would have

to have been filed by September 15, 2011, to be timely. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988), Mr. Jackson's § 2255 motion can be considered to have been filed on the date he placed the motion in the prison mail system, December 9, 2013. That date was more than two years after the § 2255(f)(1) statute of limitations period expired. Mr. Jackson's motion is time barred, and Mr. Jackson does not argue that another provision of § 2255(f) applies.

Mr. Jackson acknowledges that his § 2255 motion was not timely filed under § 2255(f)(1). He argues that he should be entitled to equitable tolling. He asserts that it took him years to research and try to understand the law and that it is allowable to revisit an illegal sentence at any time upon its discovery. To the contrary, equitable tolling is proper only when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (internal quotation omitted). Mr. Jackson bears the burden of showing that his claim qualifies for equitable tolling. *Taylor v. Michael,* 724 F.3d 806, 810 (7th Cir. 2013).

Mr. Jackson has identified no actions he has taken in an effort to pursue this claim, much less shown diligence on his part. In addition, he has not identified any circumstance that prevented him from filing his claim in a timely manner. Mr. Jackson is not entitled to bring a claim for recalculating his sentence no matter how late it is filed. Petitioners must exercise diligence in asserting post-judgment challenges. Mr. Jackson has not identified a valid basis on which the doctrine of equitable tolling could be applied.

"The law is full of deadlines, and delay can lead to forfeiture." *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 500 (7th Cir. 2008). In this case, the deadline to file a motion pursuant to

28 U.S.C. § 2255 passed long before Mr. Jackson filed his motion. Mr. Jackson's § 2255 motion is time-barred.

*Waiver*

The United States also argues that Mr. Jackson's § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement.

The plea agreement provided that Mr. Jackson agreed to a sentence of 180 months imprisonment. Plea Agreement ¶ 11. The length of the supervised release and the amount of the fine were left to the discretion of the Court. *Id*. In exchange for the concessions made by the government, Mr. Jackson "expressly waives his right to appeal his conviction and the sentence imposed in this case on any ground, . . . [and] also waives his right to contest his conviction and sentence, and the manner in which it was determined, in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255, as long as the Court accepts the Rule 11(c)(1)(C) plea …." Plea Agreement ¶ 13.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the

waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.* Mr. Jackson challenges his sentence and the manner in which it was determined. He argues that trial counsel was ineffective for failing to challenge one of the underlying convictions which resulted in him being adjudged an Armed Career Criminal.

Mr. Jackson has not argued, much less shown, that his plea agreement was not knowingly and voluntarily made. In addition, he has not asserted or shown any ineffective assistance of counsel with respect to the plea agreement.

"We have repeatedly held that a voluntary and knowing waiver of an appeal [and § 2255 challenge] is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Mr. Jackson has not met that burden.

Accordingly, the waiver provision is valid and will be enforced. Mr. Jackson's § 2255 motion is barred by the waiver provision of his plea agreement.

*Conclusion*

The foregoing circumstances show that Mr. Jackson is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 2:09-cr-0011-LJM-CMM-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Jackson has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 03/17/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Ronald C. Jackson, #09250-028
U.S.P. Atlanta
Inmate Mail/Parcels
P. O. Box 150160
Atlanta, GA 30315

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.